UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MUNICIPAL COMMUNICATIONS II, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| TOWN OF WESTPORT, | ) |
| Defendant. | ) |

## COMPLAINT

This action arises out of the unlawful denial by the Town of Westport's Zoning Board of Appeals (the "Board") of an application by Municipal Communications II, LLC ("Municipal"), to install, operate, and maintain a wireless communications facility (the "Facility") at 67 Masquesatch Road, Westport, Massachusetts (the "Property"). The Board's decision effectively prohibits the provision of personal wireless services and was not based on substantial evidence. The decision therefore violates Section 332(c)(7)(B) of the Federal Communications Act (the "Act"), 47 U.S.C. § 332(c)(7)(B).

## PARTIES

1. Plaintiff Municipal Communications II, LLC is a limited liability company organized under Delaware law based in Atlanta, Georgia. Municipal is a wireless communications infrastructure provider that develops projects throughout the United States and is engaged in the business of developing sites for the deployment of "personal wireless services facilities" as that term is defined by federal law, 47 U.S.C. § 332(c)(7)(C)(ii). Municipal develops these sites on behalf of providers of "personal wireless services" as that term is defined by federal statute, 47 U.S.C. § 332(c)(7)(C)(i) ("Personal Wireless Service Providers").

2.	The Defendant Town of Westport (the "Town") is a duly authorized municipality constituted and existing under the laws of the Commonwealth of Massachusetts.

3.	The Board has been delegated the authority by the Town to, among other things, approve applications for special permits and variances under the Town of Westport Zoning Bylaws (the "Bylaws").

## JURISDICTION AND VENUE

4.	This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under the laws of the United States, specifically Section 332(c)(7)(B) of the Act, 47 U.S.C. § 332(c).

5.	Venue is proper in this Court under 28 U.S.C. § 1391(b).  The Town is in this judicial district, and the events and/or omissions giving rise to this action occurred in this district.

## FACTS

**I.	Personal Wireless Communications**

6.	Municipal owns and operates wireless and broadcast towers, which it leases to wireless service providers, broadcast companies, wireless data providers, and government agencies and municipalities.

7.	Section 151 of the Act establishes a national policy to "make available, so far as possible, to all people of the United States, without discrimination . . . a rapid, efficient, Nation-wide, and world-wide wire and radio communication service with adequate facilities at reasonable charges, for the purpose of national defense, [and] for the purpose of promoting safety of life and property through the use of wire and radio communications."  47 U.S.C. § 151.

8.	To help meet these policy goals, Municipal builds and operates wireless and broadcast towers, and related equipment, known under federal statute as Personal Wireless

2

Service Facilities, so that Personal Wireless Service Providers can provide service to local businesses, public safety entities, and the general public. To advance the national policies enumerated under 47 U.S.C. § 151, Municipal collaborates with Personal Wireless Service Providers to ensure there is a network of "cell sites," each of which consists of antennas and related equipment designed to send and receive radio signals.

9. To determine the appropriate location of cell sites, engineers use complex computer programs to complete propagation studies. These propagation studies are based, in part, on the boundaries of the existing and planned coverage, the topography of the surrounding land, the presence or absence of structures, and other factors. To provide reliable service to users, coverage from cell sites must overlap in a grid pattern resembling a honeycomb. For a wireless network to perform, cell sites must be located, constructed, and operated so that reliable service can be achieved. If there is no functioning cell site within a given area, or if the cell sites around an area lack sufficient capacity to handle the amount of customer demand for limited wireless spectrum, there will not be reliable service for customers within that area, and customers who live or travel in the area will experience an unacceptable level of dropped calls and call connection failures.

10. The results of a radio frequency propagation study revealed a substantial and significant gap in wireless service coverage in the vicinity of the Property. To remedy that significant gap in service, an additional cell site in the Town is required. The existence, location, and size of the existing coverage gap in the vicinity of the Property were undisputed.

11. Radio frequency engineers identified a search area within which a new Facility would need to be constructed to remedy the significant gap in service. Municipal undertook an investigation of the area to find feasible locations for installation of a personal wireless facility to

remedy the significant gap in service. As a result of that investigation, Municipal identified the property located at 67 Masquesatch Road, Westport, Massachusetts as the appropriate and available location for the installation of a wireless telecommunications facility to fill the substantial and significant gap in wireless service.

**II.    Federal Statutory Control Over Wireless Siting**

12.    Section 332(c)(7) of the Act, 47 U.S.C. § 332(c), governs federal, state, and local government regulation of the siting of "personal wireless service" facilities such as the Facility proposed by Municipal. It provides, in relevant part, that:

>    (i)    The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof –
>
>    * * *
>
>    II.    shall not prohibit or have the effect of prohibiting the provision of personal wireless services.
>
>    * * *
>
>    (ii)   A State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request.
>
>    (iii)  Any decision by a state or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.

47 U.S.C. § 332(c)(7)(B).

13.    The Act further provides that any person adversely affected by a state or local government's act, or failure to act, that is inconsistent with § 332(c)(7) may seek review in the federal courts, and the court "shall hear and decide such action on an expedited basis." 47 U.S.C. § 332(c)(7)(B)(v).

**III.     Action By The Town**

14.     On or about January 14, 2021, Municipal applied to the Board for a special permit with site plan approval and variances pursuant to Section 6.3 of the Bylaws to construct and operate a 150' monopole tower, together with antennas and related equipment at the Property (the "Application").

15.     Public hearings were held by the Board with respect to the Application on February 24, March 31, May 12, June 23, August 4 and August 18, 2021.

16.     During the August 18, 2021, meeting, the Board voted to deny the Application.

17.     The Board issued a written decision reflecting its denial of the Application on or about August 30, 2021.  A true and accurate copy of that decision is attached hereto as Exhibit A.

18.     The Act imposes limits on the decisions of state or local governments regarding the location, construction, and modification of personal wireless facilities.  47 U.S.C. § 332(c)(7)(B)(i)-(iv).  Among other things, "[i]f a [municipal] decision is not supported by substantial evidence, § 332(c)(7)(B)(iii), or it if effectively prohibits the provision of wireless service, § 332(c)(7)(B)(i)(II), then under the Supremacy Clause of the Constitution, local law is pre-empted in order to effectuate the [Act]'s national policy goals."  Second Generation Props. L.P. v. City of Pelham, 313 F.3d 620, 627 (1st Cir. 2002).

19.     The Board's denial of Municipal's Application has the effect of prohibiting the provision of personal wireless services in violation of the Act because it materially inhibits the provision of Personal Wireless Services.

20. Moreover, the Board's decision is not supported by substantial evidence. The uncontroverted evidence before the Board establishes it was appropriate for the Board to grant the Application given the existing wireless coverage gap in the vicinity of the Property.

21. The Board's denial of Municipal's Application is therefore in clear contravention of Section 332(c)(7)(B).

22. Municipal has suffered and will continue to suffer irreparable harm by reason of the Board's actions.

23. Such irreparable harm will continue unless the violations are enjoined by this Court. Further, Municipal is otherwise without an adequate legal remedy to prevent such violations.

24. This complaint is timely filed pursuant to 47 U.S.C. § 332(c)(7)(B)(v).

## COUNT I
**(Violation of 47 U.S.C. § 332(c)(7)(B)(i)(II) – Effective Prohibition Of Service)**

25. Municipal hereby adopts and incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 24.

26. Article VI, Clause 2 of the United States Constitution, commonly known as the Supremacy Clause, provides, in relevant part, that "[t]his Constitution, and the laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding."

27. The Act governs the regulation of the placement, construction, and modification of personal wireless service facilities, and under the Supremacy Clause, preempts other laws, regulations, ordinances, or by-laws affecting such facilities to the extent that such laws, regulations, ordinances, and by-laws conflict with federal law.

28.	The Application constitutes a request to provide "personal wireless services" within the meaning of the Act, and, as such, is entitled to the protection of Section 332(c)(7)(B).

29.	Pursuant to 47 U.S.C. § 332(c)(7)(B)(i)(II), "[t]he regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government of instrumentality thereof . . . shall not prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II).

30.	There is a significant gap in personal wireless service in the area surrounding the Property.

31.	There is no existing structure or property in or near in the vicinity of the Property that is both reasonably available and technologically feasible to remedy the significant gap in personal wireless service in the area.

32.	The proposed Facility is the only feasible alternative to remedy the significant gap in personal wireless service.

33.	The Board's denial of the Application effectively prohibits Municipal, in collaboration with Personal Wireless Service Providers, from providing personal wireless service in the significant gap area.

34.	The Board's denial of the Application also materially inhibits the provision of wireless services, including the ability to introduce new services or otherwise improve existing services.

35.	Consequently, the Board's denial of the Application is in violation of, and preempted by, Section 332(c)(7)(B)(i)(II) of the Act, and should be set aside and enjoined by the Court on that basis. Further, this Court should exercise its power to issue an order directing the

Town to approve the Application and all other permits and approvals necessary to construct, maintain, and operate the Facility at the Site.

## COUNT II
### (Violation of 47 U.S.C. § 332(c)(7)(B)(iii) – Substantial Evidence)

36. Plaintiff incorporates by reference and re-alleges the foregoing factual allegations in paragraphs 1 through 35 as if fully set forth herein.

37. Pursuant to 47 U.S.C. § 332(c)(7)(B)(iii), "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

38. The Board's decision denying the Application is not supported by substantial evidence contained in a written record.

39. Consequently, the Board's action is in violation of, and preempted by, Section 332(c)(7)(B)(iii) of the Act, and should be set aside and enjoined by the Court on that basis. Further, this Court should exercise its power to issue an order directing the Board to approve the Application and all other permits and approvals necessary to construct, maintain, and operate the Facility at the Site.

### PRAYERS FOR RELIEF

WHEREFORE, Municipal respectfully requests:

A. A declaration and judgment that the Board's actions violated Section 332(c)(7)(B) of the Act and are therefore void and invalid;

B. A declaration and judgment that the Board's actions are preempted by Section 332(c)(7)(B) of the Act and are therefore void and invalid;

C. A declaration of the respective rights and obligations of the parties;

D. An order mandating that the Town grant approval of the Application and all other permits and approvals necessary to construct, maintain, and operate the Facility at the Site;

E. An expedited review of the matters set forth in this Complaint pursuant to 47 U.S.C. § 332(c)(7)(B)(v);

F. An award of Municipal's costs of suit; and

G. Such other and further relief as the Court deems just and proper.

Dated: September 22, 2021

                                         **MUNICIPAL COMMUNICATIONS II, LLC**

                                         By its attorneys,

                                         */s/ Wayne F. Dennison*
                                         Wayne F. Dennison (BBO#558879)
                                         Melanie D. Burke (BBO#688157)
                                         **BROWN RUDNICK LLP**
                                         One Financial Center
                                         Boston, MA 02111
                                         Telephone: (617) 856-8247
                                         wdennison@brownrudnick.com
                                         mburke@brownrudnick.com